Filed 12/16/22  P. v. Ortiz CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B311516 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA108995) |
| v. | |
| JOSE ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed and remanded with directions.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, and Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Jose Ortiz (defendant) appeals from an order summarily denying his petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95).[1] The Attorney General concedes a remand for further proceedings in the trial court is required because the court should have appointed counsel for defendant before ruling on his petition. We will reverse and remand for that reason.

Defendant was convicted of five counts of first degree murder in 1997.[2] The evidence at trial established he was a lookout while several other men entered a home and killed former gang member Anthony Moreno (Moreno) and four other individuals, including two children.

The jury was instructed on alternative theories of liability, some of which implicated the natural and probable consequences doctrine. The trial court summarized these theories in a special instruction: "There are several theories of liability for murder in this case: [¶] 1) The defendant was an aider and abet[t]or in each murder; [¶] 2) The defendant was an aider and abet[t]or in the murder of [Moreno] and the other murders were a natural and probable consequence of said murder and were committed by a principal in said murder; [¶] 3) The defendant was a co-conspirator to the crime of murder in each count; [and] [¶] 4) The defendant was a co-conspirator to the crime of robbery or murder, and all the murders were committed by a co-conspirator in

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] Defendant was tried with a co-defendant, Daniel Logan. Three other defendants were tried separately.

furtherance of said conspiracy and were a natural and probable consequence of such conspiracy."

Defendant was sentenced to 129 years to life in prison.[3]  On direct appeal, this court struck a gang enhancement but otherwise affirmed the judgment.[4]  (*People v. Logan* (Aug. 31, 1998, B113206) [nonpub. opn.].)

Decades later, defendant filed a form petition for resentencing under section 1172.6.  He checked boxes to assert (1) a complaint or information was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he was convicted of first or second degree murder pursuant to one of those theories at trial, and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189.  Defendant also requested appointment of counsel.

The trial court denied the petition without appointing counsel for defendant because the court believed he failed to make a prima facie case for relief.  The court reasoned:  "A petition for resentencing under [section 1172.6] is only available to a person convicted of felony murder or murder under a natural and probable consequences theory.  [Citation.]  The court has read and considered the unpublished appellate opinion in this

---

[3]  Before sentencing, the trial court struck a multiple murder special circumstance finding because "the jury should have been told . . . they must find an intent to kill."

[4]  This court granted defendant's request to take judicial notice of the record in his direct appeal.  (Evid. Code, §§ 452, subd. (d) and 459.)

case and finds that the defendant was found guilty of five counts of first degree murder based on a direct aiding and abetting theory, as such, he is not eligible for resentencing . . . ."[5]

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that petitioners under section 1172.6 "are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*Id.* at 957.) The Legislature subsequently amended the statute to codify this holding. (Stats. 2021, ch. 551, § 1(b); see also § 1172.6, subd. (b)(3) ["Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner"].)

Under *Lewis* and section 1172.6 as amended, the trial court should have appointed counsel for defendant. The failure to do so was prejudicial. (*Lewis, supra*, 11 Cal.5th at 974 [error in deciding not to appoint counsel is prejudicial if it is reasonably probable that if the defendant had been afforded assistance of counsel his petition would not have been summarily denied].) As the Attorney General appropriately concedes, the error is not harmless because defendant's record of conviction does not establish that he is ineligible for resentencing as a matter of law.

---

[5] A page (or pages) of the trial court's minute order apparently discussing the facts of the case appears to be missing from the record on appeal.

The Attorney General acknowledges the trial court's instructions permitted the jury to find defendant guilty of "all five murders because he conspired to commit an uncharged robbery in which a co-conspirator killed the victims, and the killing was a natural and probable consequence of the object of the conspiracy."[6]

We shall accordingly reverse and remand with directions for the trial court to appoint counsel, to issue an order to show cause pursuant to section 1172.6, subdivision (c), and to thereafter proceed consistent with section 1172.6, subdivision (d). That is the disposition the Attorney General recommends, but defendant suggests this is the "minimum" relief to which he is entitled and urges us to instead "remand[ ] for resentencing." We decline. The prosecution must have the opportunity at the statutorily prescribed hearing to prove defendant can be found guilty of murder under current law.[7] (§ 1172.6, subd. (d).)

---

[6] The fact that defendant was convicted of first degree murder does not preclude the possibility that the jury relied on a natural and probable consequences theory. Defendant's trial pre-dated *People v. Chiu* (2014) 59 Cal.4th 155, in which our Supreme Court held that "an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine." (*Id.* at 158-159.)

[7] We also reject defendant's additional request that we admonish the trial court that it should not rely solely on the opinion from his direct appeal. The trial court will apply prevailing law on remand.

## DISPOSITION

The order denying defendant's section 1172.6 petition is reversed and the cause is remanded with directions to appoint counsel, to issue an order to show cause pursuant to section 1172.6, subdivision (c), and to thereafter proceed consistent with section 1172.6, subdivision (d).


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:


RUBIN, P. J.


MOOR, J.

6